IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BEN MOTAL**                                                                                                                              **PLAINTIFF**

v.                                          Case No. 4:20-cv-01011 KGB

**ALLSTATE PROPERTY AND**
**CASUALTY INSURANCE COMPANY**                                                                     **DEFENDANT**

<u>ORDER</u>

Before the Court are defendant Allstate Property and Casualty Insurance Company's ("Allstate") motion to dismiss and motion to dismiss second amended complaint (Dkt. Nos. 4, 9). Plaintiff Ben Motal responded in opposition (Dkt. Nos. 7, 13), and Allstate replied in support (Dkt. Nos. 8, 14). Also before the Court is Allstate's motion to compel (Dkt. No. 15), to which Mr. Motal responded in opposition (Dkt. No. 17). For the following reasons, the Court grants Allstate's motion to dismiss second amended complaint (Dkt. No. 9) and denies as moot Allstate's motions to dismiss and to compel (Dkt. Nos. 4, 15).

**I.      Background**

On November 1, 2019, Mr. Motal sued separate defendant Emery Tillman in the Circuit Court of Pulaski County, Arkansas, claiming damages as a result of an alleged hit-and-run car accident (Dkt. No. 2, at 1). The accident occurred on May 23, 2019, based on Mr. Motal's allegations (*Id.*, ¶ 7). Mr. Motal subsequently amended his complaint to add claims against Allstate, Mr. Tillman's automobile liability insurer, alleging unfair and deceptive trade practices in violation of the Arkansas Deceptive Trade Practices Act ("ADTPA") (Dkt. No. 3, at 1). On August 20, 2020, the Circuit Court of Pulaski County entered an Order dismissing Mr. Motal's claims against Mr. Tillman (Dkt. No. 1, ¶ 7). On August 21, 2020, Allstate removed this case to this Court on the basis of diversity jurisdiction (*Id.*, at 1). In his operative second amended

complaint, Mr. Motal alleges that Allstate's "general business practice constitutes a cause of action for unfair claims settlement practice and a deceptive and unconscionable trade practice in violation of the Arkansas Deceptive Trade Practices Act." (Dkt. No. 6, ¶ 28). Further, Mr. Motal alleges that, "[u]pon information and belief, Allstate's unlawful general business practice was established and implemented prior to August 1, 2017." (*Id.*, ¶ 29).

Allstate moves to dismiss Mr. Motal's second amended complaint (Dkt. No. 9). Allstate incorporates by reference its arguments in its motion to dismiss Mr. Motal's original complaint against Allstate and argues that Mr. Motal's claim is actually an impermissible suit for the tort of third-party bad faith which, Allstate argues, is not allowed under Arkansas law (Dkt. No. 5-1, at 1). Allstate next argues that the ADTPA does not apply because Arkansas has more specific statutes which govern Mr. Motal's claim (*Id.*, at 4–5). Allstate finally argues that, even if Mr. Motal's claim is properly brought under the ADTPA, his claim fails for lack of standing and failure to meet the requisite elements of the ADTPA (*Id.*, at 6).

## II. Legal Standard

In a diversity suit, this court applies "federal pleading standards . . . to the state substantive law to determine if a complaint makes out a claim under state law." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Discussion

#### A. Claim Of Bad Faith

Allstate initially argues that, although Mr. Motal styles his claim as one under the ADTPA, it is actually a claim for the tort of third-party bad faith (Dkt. No. 5-1, at 1). Mr. Motal states that his claim arises under the statutory provisions of the ADTPA (Dkt. No. 7, at 3). Arkansas law does not recognize a third party's claim for the tort of bad faith against an insured's insurer. *Jarrett v. State Farm Cnty. Mut. Ins. Co. of Tex.*, No. 2:07CV00060 SWW, 2007 WL 2069902, at *3 (E.D. Ark. July 16, 2007); *see also Bell v. Kansas City Fire and Marine Ins. Co.*, 616 F. Supp. 1305,

1308 (W.D. Ark.1985) (analyzing Arkansas law and concluding that third-party claim for bad faith against insureds' insurance company would not be recognized by Arkansas courts). Accordingly, to the extent that Mr. Motal claims bad faith against Allstate as Mr. Tillman's insurer, Mr. Motal fails to state a claim under Arkansas law.

### B. Claim Under The ADTPA

In his second amended complaint, Mr. Motal alleges that "Allstate's general business practice constitutes an unfair claims settlement practice and a deceptive and unconscionable trade practice in violation of the Arkansas Deceptive Trade Practices Act" (Dkt. No. 6, ¶ 28). Mr. Motal asserts that Allstate's unlawful general business practice was established before August 1, 2017, and clarifies that he "disclaims any right of recovery" based on any of Allstate's business practices established on or after August 1, 2017 (*Id.*, ¶ 29). Accordingly, Mr. Motal argues in his response to Allstate's motion to dismiss that the 2011 version of the ADTPA, rather than the version as amended in 2017, should apply to his claim (Dkt. No. 7, at 9). Mr. Motal further claims that he "has been damaged by Defendant Allstate's unlawful general business practice by being forced to institute and continue litigation against Allstate's insured that would have been unnecessary if Allstate had not violated Arkansas law by establishing and implementing such practice. Allstate's unlawful general business practice has caused Plaintiff to incur costs and expend time and resources to prosecute a claim which should have been settled prior to litigation, among other damages to be shown at trial." (Dkt. No. 6, ¶ 32).

Allstate argues in its motion to dismiss that more specific Arkansas statutes govern when a third party can bring a claim directly against an insurer, that those more specific statutes control, and that Mr. Motal should not be permitted to proceed under the ADTPA against Allstate as a result. Allstate also argues that, even if permitted to proceed under the ADTPA, Mr. Motal was

not a consumer of Allstate's product and therefore lacks standing to bring an ADTPA claim against Allstate; that the ADTPA as amended in 2017 applies to Mr. Motal's claim; and that, regardless of whether the 2011 or 2017 version of the ADTPA applies, Mr. Motal fails to state an ADTPA claim upon which relief can be granted (Dkt. No. 5-1, at 6–7).

There is no dispute that Mr. Motal is not an insured of Allstate. The Court agrees that Arkansas has specific statutes governing when an action by a non-insured may be filed directly against an insurer. *See, e.g.*, Ark. Code Ann. § 23-79-210; Ark. Code Ann. § 23-89-101. Mr. Motal is not qualified to bring suit under such statutes, based on his allegations here.

Even if permitted to bring a claim against Allstate under the ADTPA, an issue this Court need not decide to resolve the pending motions, Mr. Motal fails to plead sufficiently such a claim. The Court makes this determination regardless of whether the 2011 or 2017 version of the ADTPA applies to Mr. Motal's claim against Allstate; the Court determines that it need not resolve which version of the ADTPA applies to resolve the pending motions. Regardless of whether this Court examines the allegations in Mr. Motal's second amended complaint based on the 2011 or 2017 version of the ADTPA, the Court determines that Mr. Motal must allege sufficiently: (1) a violation of the ADTPA, (2) reliance as a part of causation, and (3) damages. He fails to do so.

### 1. Alleging A Violation Of The ADTPA

Under the current version of the ADTPA, which the Court refers to in this Order as the 2017 version of the ADTPA, the civil enforcement provision provides that:

> (f)(1)(A) A person who suffers an actual financial loss as a result of his or her reliance on the use of a practice declared unlawful by this chapter may bring an action to recover his or her actual financial loss proximately caused by the offense or violation, as defined in this chapter.
>
> . . .

> (2)     To prevail on a claim brought under this subsection, a claimant must prove individually that he or she suffered an actual financial loss proximately caused by his or her reliance on the use of a practice declared unlawful under this chapter.

Ark. Code Ann. § 4-88-113.  "Actual financial loss" is defined in the 2017 version of the ADTPA as "an ascertainable amount of money that is equal to the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided to a person."  *Id.* § 4-88-102(9).

The prior version of the ADTPA, which the Court refers to as the 2011 version of the ADTPA, provided a private right of action to any person who suffered actual damage or injury as a result of a violation of the Act.  *Skalla v. Canepari*, 430 S.W.3d 72, 81 (Ark. 2013).  Under the 2011 version of the ADTPA, a claimant had to allege:  "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act."  *Id.* at 82.  A claimant also had to demonstrate a causal connection between the alleged violation of the ADTPA and the resultant claimed injury.  *Id.*

Thus, to state a claim under the ADTPA regardless of whether the Court considers this claim as arising under the 2011 or 2017 version of the ADTPA, the Court determines that a claimant must at least plead a violation of the ADTPA, reliance as a part of causation, and damages.  Proof of reliance requires sufficient evidence that a claimant took some action and suffered damage as a result of the alleged deceptive trade practice.  *Apex Oil Co. v. Jones Stephens Corp.*, 881 F.3d 658, 663 (8th Cir. 2018).  Further, the ADTPA requires proof of actual damages.  *Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 161 (Ark. 2005) (holding that actual damage "is sustained when the product has actually malfunctioned or the defect has manifested itself" but not when "the only alleged injury is the diminution in value of the product").  In the following sections of this Order, the Court examines reliance and damages.  In this section, the Court examines allegations sufficient to allege a violation of the ADTPA.

The ADTPA prohibits, among other things, "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." Ark. Code Ann. § 23-66-206. Mr. Motal alleges in his complaint that, "[u]pon information and belief, Defendant Allstate has a general business practice of not attempting in good faith to effectuate prompt, fair, and equitable settlements of personal automobile insurance claims in which liability has become reasonably clear" (Dkt. No. 6, ¶ 27). Mr. Motal further alleges that Allstate's general business practice violates the ADTPA and was established prior to August 1, 2017 (*Id.*, ¶¶ 28–29). Mr. Motal finally alleges that Allstate refused to consider any pre-litigation offer of settlement for Mr. Motal's alleged damages (*Id.* ¶ 31). However, Mr. Motal does not plead any facts in his complaint to support these allegations that Allstate violated the ADTPA. Instead, Mr. Motal merely parrots the language of the ADTPA and alleges that Allstate violated the statute. Mr. Motal's allegations appear to be "naked assertion[s] devoid of further factual enhancement." *Retro Television Network*, 696 F.3d at 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, Mr. Motal's allegations are insufficient to plead a violation of the ADTPA, even under federal pleading standards. The Court grants the pending motion to dismiss on this basis.

### 2. Alleging Reliance

Mr. Motal asserts that the 2011 version of the ADTPA applies, in part, in an effort to avoid having to plead and prove reliance. This Court acknowledges that the Arkansas Supreme Court has not established whether the 2011 version of the ADTPA requires proof of reliance. *See Philip Morris Cos. v. Miner*, 462 S.W.3d 313, 320 (Ark. 2015). Mr. Motal maintains that the 2011 version of the ADTPA applies here. Allstate disagrees. The Court determines that it need not resolve whether the 2011 or 2017 version of the ADTPA applies because reliance is required under

both. The Eighth Circuit Court of Appeals, interpreting Arkansas law, has concluded that a claimant must demonstrate reliance when alleging a violation of the ADTPA even under the 2011 version of the ADTPA. *Apex Oil*, 881 F.3d at 662–63. Therefore, this Court determines that, regardless of whether the Court considers this claim as arising under the 2011 or 2017 version of the ADTPA, a claimant must plead reliance as a part of causation.

In *Apex Oil*, the Eighth Circuit observed that, under the 2011 version of the ADTPA, a plaintiff must prove that it suffered damage "as a result of" a violation of the ADTPA and reasoned that "[c]ausation, in turn, is not possible without reliance." *Id.* at 662. The *Apex Oil* court reasoned that the 2017 amendment, which amended the text of the ADTPA to add reliance on an unlawful practice as a requirement under the law, "is better viewed as a clarification." *Id.* at 663. The court therefore held that the district court properly dismissed plaintiff's claim under the ADTPA because plaintiff did not demonstrate reliance and therefore failed to introduce evidence that it suffered damage as a result of the alleged deceptive trade practice. *Id.* This Court agrees with the Eighth Circuit's reasoning in *Apex Oil* and concludes that proof of reliance on an unlawful practice is a necessary element of a claim under the ADTPA regardless of whether the 2011 or 2017 version of the ADTPA applies to this dispute.

The Court is not persuaded by Mr. Motal's argument that the holding of *Apex Oil* does not apply here. Mr. Motal argues that *Apex Oil* is limited to claims for ADTPA violations involving false advertising and therefore does not apply to his claim involving insurance claim settlement practices. In *Apex Oil*, the Eighth Circuit addressed "whether a claim under the [ADTPA] requires proof that the plaintiff relied on an alleged deceptive act by the defendant." *Id.* at 662. In concluding that the 2011 version of the ADTPA requires proof of reliance, the Eighth Circuit did not limit its holding only to ADTPA claims involving false advertising. Instead, the court

interpreted the statute's phrase "as a result of" to necessarily imply a reliance requirement, which the Arkansas legislature clarified with its 2017 amendment. *Id.* at 662–63. This Court has previously recognized *Apex Oil*'s holding, *see Jones v. iPawn Rodney Parham, LLC*, 364 F. Supp. 3d 953, 970 n.3 (E.D. Ark. 2019), as has another federal district court in Arkansas, *see Adeli v. Silverstar Auto., Inc.*, No. 5:17-cv-05224, 2018 WL 4374194, at *3 (W.D. Ark. Sept. 13, 2018).

The Court concludes, on the record before it, that Mr. Motal fails to plead sufficiently the element of reliance as a part of causation under the ADTPA. In his complaint, Mr. Motal alleges that Allstate was Mr. Tillman's automobile liability insurer (Dkt. No. 6, ¶ 24). Thus, Mr. Motal does not allege that he purchased an automobile liability policy from Allstate in reliance on any allegedly unlawful business practice. Mr. Motal instead alleges that, pursuant to Allstate's purportedly unlawful business practices, Allstate refused to consider any pre-litigation offer of settlement for Mr. Motal's claimed damages and did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Mr. Motal's claims (*Id.*, ¶ 31). However, Mr. Motal does not allege—and no factual allegations in his complaint support the inference—that he took some action in reliance on Allstate's allegedly unlawful claims settlement practices and suffered damages as a result of his reliance. *See Apex Oil*, 881 F.3d at 663 (requiring that a claimant present evidence that they took some action in reliance on allegedly deceptive practice which causes damage). Accordingly, Mr. Motal fails to plead sufficiently the element of reliance as a part of causation under the ADTPA.

### 3. Alleging Damages

The Court finally concludes, as a separate basis for its decision, that Mr. Motal fails to plead sufficiently damages under the ADTPA, regardless of which version of the ADTPA applies. Either version of the ADTPA requires proof of actual damages. Ark. Code Ann. § 4-88-

113(f)(1)(A); *Skalla*, 430 S.W.3d at 81. In the context of an ADTPA claim, a claimant cannot rely on conclusory allegations that the claimant has suffered actual damages and instead must allege facts that state a *prima facie* cause of action. *Parnell v. FanDuel, Inc.*, 591 S.W.3d 315, 318–19 (Ark. 2019). Mr. Motal alleges that his damages include "being forced to institute and continue litigation against Allstate's insured that would have been unnecessary if Allstate had not violated Arkansas law by establishing and implementing such practice" (Dkt. No. 6, ¶ 32). Specifically, Mr. Motal claims that Allstate's conduct required him "to incur costs and expend time and resources to prosecute a claim which should have been settled prior to litigation, among other damages to be shown at trial." (*Id.*). In an effort to bolster this claim, Mr. Motal also attempts to allege harm purportedly inflicted on Mr. Tillman as a result of litigation, specifically "by being forced to submit to the litigation process, by being exposed to claims that potentially are not covered by his insurance policy which would not have been filed in the absence of Allstate's unlawful general business practice, and by being exposed to the risk of liability in excess of his policy limits," and Mr. Motal asserts that he "reserves the right to assert claims for such harm against Defendant Allstate as a judgment creditor upon obtaining a judgment against Defendant Tillman in this matter." (*Id.*, ¶ 33).

Mr. Motal's claim for damages is insufficient to state a cause of action under the ADTPA. It appears to the Court that Mr. Motal's damages claim is as follows: He brings this lawsuit because he claims he has suffered damages, and he claims he has suffered damages because he brings this lawsuit. If the Court were to accept Mr. Motal's contention that the initiation of a lawsuit constitutes actual damages under the ADTPA, then the Court would effectively eliminate the ADTPA's actual damages requirement because any claimant who alleged a violation of the ADTPA could initiate a lawsuit and thereby satisfy, without more, the actual damages element.

The Court determines that Mr. Motal's argument is not consistent with Arkansas law on this point. *See Parnell*, 591 S.W.3d at 319–20 (noting that claimant must identify specific injury as a result of allegedly deceptive practices and recognizing that "speculative injury is not cognizable under the ADTPA"); *Wallis*, 208 S.W.3d at 161 (holding that diminution of value does not constitute actual damage under ADTPA). To underscore that the initiation of a lawsuit is not sufficient proof of actual damages, the Court observes that the ADTPA separately provides for recovery of attorney's fees by prevailing parties. Ark. Code Ann. § 4-88-113(f)(3); *see G & K Servs. Co. v. Bill's Super Foods, Inc.*, 766 F.3d 797, 802 (8th Cir. 2014) ("[A] party who prevails on a cause of action to recover actual damages under the [ADTPA] is eligible for an award of attorney's fees, in the discretion of the court[.]"). Accordingly, the Court declines to adopt Mr. Motal's argument that the initiation of a lawsuit, with its accompanying costs and fees, constitutes actual damages sufficient to state a claim under the ADTPA.

Moreover, under the 2017 version of the ADTPA, a claimant must demonstrate actual financial loss, defined as "an ascertainable amount of money that is equal to the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided to a person." Ark. Code Ann. § 4-88-102(9). Mr. Motal does not allege in his complaint that he paid any amount of money for any goods or services. Accordingly, Mr. Motal fails to plead actual financial loss as required under the 2017 version of the ADTPA.

Mr. Motal does not allege facts to support any other claim for actual damages, based on the Court's review. To the extent Mr. Motal attempts to rely on the catch-all phrase "among other damages to be shown at trial" in an effort to overcome this deficiency, the Court rejects any such attempt (Dkt. No. 6, ¶ 32). In the context of an ADTPA claim, "[a] complaint must allege facts that state a prima facie cause of action, and such cause cannot be stated using conclusory

allegations." *Parnell*, 591 S.W.3d at 319.  At best, Mr. Motal asserts that Allstate should have considered a pre-litigation offer of settlement (Dkt. No. 6, ¶ 31).  However, "speculative injury is not cognizable under the ADTPA." *Parnell*, 591 S.W.3d at 319.  Accordingly, for these reasons the Court concludes that Mr. Motal fails to prove actual damages under the ADTPA.

The Court determines that Mr. Motal fails to plead adequately a violation of the ADTPA, reliance as a part of causation, and damages.  Each failure alone provides a basis on which to grant Allstate's pending motion to dismiss.  Because the Court concludes that Mr. Motal fails to state a claim under the ADTPA upon which relief can be granted, the Court does not address Allstate's other arguments in support of dismissal.

### IV.     Conclusion

For the foregoing reasons, the Court grants Allstate's motion to dismiss second amended complaint (Dkt. No. 9).  The Court denies as moot Allstate's motions to dismiss and to compel (Dkt. Nos. 4, 15).

So ordered this 24th day of February, 2021.

_____
Kristine G. Baker
United States District Judge