IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BEN MOTAL**                                                                                                          **PLAINTIFF**

v.                                          Case No. **4:20-cv-01011 KGB**

**ALLSTATE PROPERTY AND**
**CASUALTY INSURANCE COMPANY**                                              **DEFENDANT**

## ORDER

Before the Court are several pending motions filed by plaintiff Ben Motal, including Mr. Motal's motion for extension of time to file notice of appeal pursuant to FRCP 4(a)(5),[1] motion to reopen time to file notice of appeal pursuant to FRAP 4(a)(6), and motion for leave to file reply brief (Dkt. Nos. 29, 34, 37).  The Court addresses each pending motion in turn.

    **I.**    **Motion For Extension of Time to File Notice of Appeal**

On April 23, 2021, Mr. Motal filed a motion for extension of time to file notice of appeal (Dkt. No. 29).  Defendant Allstate Property and Casualty Insurance Company ("Allstate") responded in opposition (Dkt. No. 31), and Mr. Motal filed a reply (Dkt. No. 40).  For the reasons that follow, the Court grants Mr. Motal's motion for extension of time to file notice of appeal (Dkt. No. 28).

    **A.**    **Background**

On February 24, 2021, this Court entered an Order and Judgment dismissing Mr. Motal's claims (Dkt. No. 28).  Mr. Motal states that he did not receive a copy of this Court's final judgment

---

[1] The Court observes that Mr. Motal styles his motion as a motion for extension of time to file notice of appeal pursuant to "FRCP 4(a)(5)," ostensibly an abbreviation referencing the Federal Rules of Civil Procedure (Dkt. No. 29).  Rule 4 of the Federal Rules of Civil Procedure governs service of summons and other process.  Given the procedural posture of this case, the Court therefore interprets Mr. Motal's motion as a motion for extension of time to file notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

nor did he become aware of this Court' final judgment until April 23, 2021 (Dkt. No. 29, ¶ 1). He states that, upon further inquiry, he was informed by the Clerk that copies had been mailed to an address at which he does not reside and has not resided since September 2020 (*Id.*, ¶ 2).

Mr. Motal states that on January 8, 2021, he "notified the Court of his current address via the Joint Rule 26(f) Report filed by the parties on that date, which was the most recent filing in the case prior to the entry of the February 24 [O]rder" (*Id.*, ¶ 6; Dkt. No. 25). He further states that, upon further inquiry, he was advised by the Clerk that "he needed to take the additional step of notifying the Clerk via a separate letter in order for his mailing address to be updated for purposes of this case (*Id.*, ¶ 7).[2] Mr. Motal has since notified the Clerk of his change of address (Dkt. No. 30).

Mr. Motal represents that he would have promptly filed a notice of appeal within the period if he had received or had otherwise become aware of this Court's February 24, 2021, judgment (Dkt. No. 29, ¶ 10). On April 23, 2021, the same day Mr. Motal learned of this Court's judgment, Mr. Motal filed the instant motion for extension of time to file notice of appeal (Dkt. No. 29).

      **B.**     **Controlling Law**

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, the time for filing a notice of appeal is 30 days "after the entry of the order or judgment appealed from." Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal upon showing of excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). In determining whether excusable neglect or good cause for an extension exists, courts consider four factors: (1) the possibility of prejudice to the non-moving party, (2) the length of the delay and the potential impact on judicial

---

    [2] Local Rule 5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas requires *pro se* litigants to, among other things, notify promptly the Court and the other parties in the case of any change of address.

proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the moving party acted in good faith. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These factors do not bear equal weight; "the excuse given for the late filing must have the greatest import." *Id.*

The Eighth Circuit has recognized that excusable neglect may include "late filings caused by inadvertence, mistake, or carelessness." *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (quoting *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)). To be reasonable, it is not necessary that the neglect be "caused by circumstances beyond the control of the movant." *Lowry*, 211 F.3d at 463. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Pioneer*, 507 U.S. at 392.

### C. Analysis

Under Federal Rule of Appellate Procedure 4(a), Mr. Motal had 30 days after entry of judgment to file his notice of appeal. Fed. R. App. P. 4(a)(1)(A). This Court entered a final judgment in this case on February 24, 2021 (Dkt. No. 28), and Mr. Motal's notice of appeal was due on March 26, 2021. *See* Fed. R. App. P. 4(a)(1)(A). Mr. Motal filed his motion for an extension of time to file notice of appeal on April 23, 2021 (Dkt. Nos. 28, 29).

On the record before the Court, the Court does not find good cause so as to require the Court to grant the requested extension. However, the Court finds excusable neglect under the circumstances presented and extends for 14 days from the entry of this Order the time in which Mr. Motal has to file notice of appeal (Dkt. No. 28).

## II. Motion To Reopen Time to File Notice of Appeal

On August 23, 2021, Mr. Motal filed a motion to reopen time to file notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) (Dkt. No. 34).  Allstate responded in opposition (Dkt. No. 36), and Mr. Motal filed a motion for leave to file reply brief (Dkt. No. 37). Having granted Mr. Motal's motion for extension of time to file notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), the Court denies as moot Mr. Motal's motion to reopen time to file notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) and motion for leave to file reply brief (Dkt. Nos. 34, 37).

## III. Conclusion

It is therefore ordered that:

1. The Court grants Mr. Motal's motion for extension of time to file notice of appeal (Dkt. No. 29).  Mr. Motal therefore has 14 days from the entry of this Order to file his notice of appeal.  When and if Mr. Motal files his notice of appeal, the Clerk of Court is ordered to forward a copy of that notice, along with this Order and a copy of the file, to the Eighth Circuit Court of Appeals.

2. The Court denies as moot Mr. Motal's motion to reopen time to file notice of appeal (Dkt. No. 34) and motion for leave to file reply brief related to this motion (Dkt. No. 37).

So ordered this 29th day of March, 2022.

_____
Kristine G. Baker
United States District Judge